[No. 29847-0-I. Division One. April 26, 1993.]

DONALD F. HOIRUP, *Appellant,* v. EMPIRE AIRWAYS, INC., *Respondent.*

*Jean Schiedler-Brown* and *Law Offices of Jean Schiedler-Brown, P.S.,* for appellant.

*Rogers S. Wilson* and *R.S. Wilson, Inc., P.S.,* for respondent.

BAKER, J. — The trial court granted a motion to strike Donald Hoirup's request for a trial de novo following a mandatory arbitration because the request was not served within 20 days of the arbitration decision. Because we decide that the requirement of MAR 7.1 that proof of service be filed along with the request for a trial de novo is not jurisdictional, we reverse.

I

Hoirup sued his former employer, Empire Airways (Empire), for wrongful discharge. Empire counterclaimed for fraud, misrepresentation and breach of contract. Following mandatory arbitration, Empire Airlines was awarded judgment on its counterclaim.

Hoirup's counsel filed a request for trial de novo with the Superior Court within 20 days of the arbitration decision, but failed to serve a copy of the request on opposing counsel. When Hoirup's counsel discovered the omission, he served opposing counsel by certified mail 35 days after the arbitration decision.

On the trial date, the court granted Empire's motion to strike Hoirup's request for a trial de novo based on lack of timely service and failure to file a valid proof of service. Judgment was entered against Hoirup in the amount of the arbitrator's award plus attorney fees incurred by Empire for trial preparation.

II

The issue is whether failure to serve and file proof of service of a request for trial de novo within 20 days of an arbitration award following mandatory arbitration is a jurisdictional defect.

If any jurisdictional requirement is not satisfied, the court has no choice but to grant a proper motion to dismiss

the case. *Deschenes v. King Cy.*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). However, if the requirements of a rule are merely procedural, the court may find that substantial compliance with the rule is sufficient, and impose sanctions other than dismissal. *See, e.g., Schmitt v. Matthews*, 12 Wn. App. 654, 531 P.2d 309 (1975); *State v. Ashbaugh*, 90 Wn.2d 432, 583 P.2d 1206 (1978).

MAR 7.1 provides in relevant part:

> **(a) Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court *along with proof that a copy has been served upon all other parties appearing in the case*. The 20-day period within which to request a trial de novo may not be extended.

(Italics ours.)

■ We have found no cases which directly interpret the requirements of this rule. Because the rule involves the appellate power of the superior court, cases interpreting the rules on appellate procedure provide a useful analogy.

### 1. Pre-1976 Cases

A line of cases decided under the rules preceding RAP (Supreme Court Rules on Appeal and the Court of Appeals Rules on Appeal) held that if a requirement of a rule was deemed "jurisdictional", a failure to comply meant that the appellate court did not obtain jurisdiction and the appeal generally had to be dismissed. *See Glass v. Windsor Nav. Co.*, 81 Wn.2d 726, 504 P.2d 1135 (1973); *State v. Miller*, 67 Wn.2d 59, 406 P.2d 760 (1965); *Snohomish v. Patric*, 56 Wn.2d 38, 350 P.2d 1009 (1960). If the requirement was procedural rather than jurisdictional, the appellate court had the discretion to impose lesser sanctions. *See Neal v. Green*, 68 Wn.2d 415, 413 P.2d 339 (1966) (transcript and statement of facts filed late; monetary penalty imposed); *Schmitt v. Matthews*, *supra* (failure to timely notify respondent of appeal; no sanction). Whether a particular requirement was jurisdictional depended on the wording of the particular statute or court rule.

## 2. Post-1976 Cases

The current RAP do not speak in terms of jurisdiction, but provide that an appellant "should" do certain things and "must" do others. An appellate court has wide discretion in sanctioning an appellant who fails to do what "should" be done. RAP 1.2(b), 18.9. When an appellant fails to do what "must" be done, the result may be dismissal, under RAP 18.9(b), or "more severe than usual sanctions". RAP 1.2(b); *see also State v. Ashbaugh, supra.* RAP 1.2(a) generally requires a liberal interpretation of the rules, indicating a preference for decisions on the merits rather than on the basis of technical noncompliance with the rules.

■ A specific exception to the rule of liberality is RAP 18.8(b), which limits the court's ability to grant extensions of time for certain filings. The procedures listed in RAP 18.8(b) and RAP 18.9(b) and (c) (notice of appeal, notice for discretionary review, motion for discretionary review of a decision of the Court of Appeals, petition for review, or a motion for reconsideration) are the modern equivalent of jurisdictional requirements. Failure to timely file any of these will result in dismissal, except in extraordinary circumstances or to prevent a gross miscarriage of justice. "Extraordinary circumstances" include instances where the filing, despite reasonable diligence, was defective due to excusable error or circumstances beyond the party's control. *See Reichelt v. Raymark Indus., Inc.,* 52 Wn. App. 763, 765, 764 P.2d 653 (1988).

If a procedure is not specifically mentioned in RAP 18.8(b), the requirement is procedural and failure to comply will not generally result in dismissal. *Ashbaugh,* 90 Wn.2d at 438 (failure to timely pay the filing fee not grounds for dismissal). Sanctions for failure to timely perform such procedural steps are spelled out in RAP 18.9(a), and include payment of terms or compensatory damages to the party who is harmed by the delay or failure to comply with the rules.

The Mandatory Arbitration Rules do not contain a provision similar to RAP 1.2(b), which instructs that the rules be

construed liberally. However, in other cases where a trial court was exercising appellate jurisdiction, courts have found that substantial compliance with the rules and statutes governing civil procedure is sufficient to confer jurisdiction. *See, e.g., Hall v. Seattle Sch. Dist. 1*, 66 Wn. App. 308, 831 P.2d 1128 (1992) (service of notice of appeal on the secretary of the chair of the school board is sufficient to comply with the requirement of notice to the chair of the school board); *In re Saltis*, 25 Wn. App. 214, 607 P.2d 316, *aff'd*, 94 Wn.2d 889, 621 P.2d 716 (1980). In *Saltis*, the governing statute required service of notice of appeal from a decision of the Board of Industrial Insurance Appeals on the Director of the Department of Labor and Industries. The court found that a notice mailed to the Department, rather than the Director specifically, substantially complied with the statute. Substantial compliance occurs if the Director of the Department receives actual notice of the appeal to the superior court or the notice was served in a manner reasonably calculated to give notice to the Director. *Saltis*, 94 Wn.2d at 896.

The distinct preference of modern procedural rules is to allow appeals to proceed to a hearing on the merits in the absence of serious prejudice to other parties. Therefore, substantial compliance with procedural rules, other than those which constitute the most basic steps, is sufficient. In cases where substantial compliance has been found there has been actual, if procedurally faulty, compliance with the statute. *Petta v. Department of Labor & Indus.*, 68 Wn. App. 406, 409, 842 P.2d 1006 (1993) (citing *Seattle v. Public Empl. Relations Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991)); *Collins v. Lomas & Nettleton Co.*, 29 Wn. App. 415, 628 P.2d 855 (1981).

While service of notice on all parties is the requirement of the rule, neither MAR 7.1 nor any other applicable legal principle makes that a jurisdictional requirement. Empire received actual notice of the appeal, and makes no claim or proof of prejudice by the appellant's delay of service and failure to file the proof of service with the court. There-

fore, we reverse the dismissal of plaintiff's request for a trial de novo.

Since we reverse, the trial court's award of fees is likewise reversed. Fees on appeal should abide the results of trial on remand.

WEBSTER, C.J., and GROSSE, J., concur.