[No. 15776-4-II.   Division Two.   December 27, 1993.]

ROLAND JANKELSON, ET AL, *Respondents,* v. LYNN CONSTRUCTION, INC., ET AL, *Appellants.*

*Jerome L. Buzzard* and *Buzzard, Darkenwald & Allen; Margaret H. Brost,* for appellants.

*Donald N. Powell* and *Lozier, Powell & Ripley, P.S.,* for respondents.

HOUGHTON, J. — Lynn Construction, Inc., appeals a Thurston County Superior Court judgment confirming an arbitration award and a prior order denying Lynn's request for a trial de novo, on the grounds the request was timely filed, but not timely served on the opposing party. We affirm.

Marilyn Alexander, doing business as Lynn Construction (Lynn), operated a beauty parlor on premises owned by the Jankelsons. The landlords filed suit against Lynn for unpaid rent, and she counterclaimed for damages on the basis of defective construction and lack of maintenance. The case went to mandatory arbitration. The arbitrator ruled in favor of the

Jankelsons in the amount of $18,303, plus $500 in attorney fees. The arbitrator's award was filed with the superior court clerk on October 2, 1991.

Lynn filed a request for trial de novo with the superior court clerk on October 22, 1991. On that same day, she mailed a copy of the request to the Jankelsons' attorney. The attorney received the copy on October 24, 1991. The Jankelsons moved in superior court for denial of a trial de novo, alleging that the request was not timely served on them. After first denying the motion, the court on reconsideration ruled in favor of the Jankelsons and denied the request for trial de novo. The Superior Court then proceeded to enter judgment on the award, and this appeal followed.

This case presents a single issue: Given that MAR 7.1(a) permits a party aggrieved by an arbitrator's award to request a trial de novo by filing a request within 20 days after the award is filed, along with proof of service, does mailing the request to the opposing party on the 20th day satisfy the rule? MAR 7.1(a) provides:

**Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended. . . .

Lynn argues this rule is ambiguous concerning whether service of the request must be completed within the 20-day period, and we should resort to principles of statutory construction. We disagree. The rule is not ambiguous. It clearly states the party requesting a trial de novo must file the request "along with proof that a copy has been served upon all other parties". MAR 7.1(a). This language contemplates service will have been completed within the 20 days allowed for making the request. Here, the request was filed and it was also mailed to the opposing party on the 20th day, October 22, 1991. It was not received by the Jankelsons until the 22nd day. It was conceded by Lynn at oral argument that there was no actual notice of the appeal by the Jankelsons

until October 24, 1991. The question becomes whether valid timely service was completed by mail in this manner.

Other court rules supply the answer. Pursuant to MAR 1.3(b)(1), the rules of civil procedure apply before a case is assigned to an arbitrator, and the arbitration rules apply thereafter "except where an arbitration rule states that a civil rule applies." MAR 1.3(b)(2) is the arbitration rule on the subject of service. It provides:

> *Service.* After a case is assigned to an arbitrator, all pleadings and other papers shall be served in accordance with CR 5 and filed with the arbitrator.

CR 5(b)(2)(A), in turn, is the civil rule governing service by mail. It provides:

> (A) How made. If service is made by mail, the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid. *The service shall be deemed complete upon the third day following the day upon which they are placed in the mail,* unless the third day falls on a Saturday, Sunday, or legal holiday . . ..

(Italics ours.) Under CR 5(b)(2)(A), there is a presumption that service by mail of papers, other than service of original process, is not complete until the third day following the date of mailing. *Jones v. Stebbins,* 122 Wn.2d 471, 860 P.2d 1009 (1993). In this case, therefore, service by mail could not be "deemed complete" until the third day following October 22, 1991.

Lynn argues that the trial court's interpretation of MAR 7.1(a) to require completed service within 20 days after the arbitration award puts the rule in conflict with the arbitration statutes and unduly abridges the right to trial de novo. RCW 7.06.050 codifies that right by stating that

> [w]ithin twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

This statute does not mention service of process. The court rule does not, however, abridge the statutory right to trial de novo. Any party initiating a procedural step must serve the

opposing side in a timely manner. What is timely service varies with the context. For example, a motion for reconsideration of a judgment must be "served and filed not later than 10 days after the entry of the judgment." CR 59(b).

In echoing the statutory right to request a trial de novo within 20 days, there is no good reason why MAR 7.1(a) may not require a like time for service. A party complies with the rule's *filing* deadline by filing the request with the clerk, together with proof of service of the request on the opposing party within 20 days of the arbitration award. A party may comply with the rule's *service* deadline by mail; provided that where service has been made by mail, the proof of service states that the mailing was made no less than 3 days before the 20-day deadline.

Cases decided in other contexts have come to the same conclusion where service was attempted by mail. In *Moore v. Wentz*, 11 Wn. App. 796, 525 P.2d 290 (1974), the court held that the mailing of a motion for reconsideration under CR 59(b) on the fifth day after judgment (as was then the rule) was not timely because CR 59(b) required actual or constructive receipt within the time period specified by the rule.

More recently, our Supreme Court has held the filing and service requirements of CR 59(b), in the absence of sufficient excuse, to be jurisdictional in nature and dismissed an appeal when the moving party had failed to both file and serve a motion for reconsideration within 10 days after entry of judgment, as required by CR 59(b). *Schaefco v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993). It is of note in *Schaefco* that although the moving party filed a motion for reconsideration with the superior court within CR 59(b) time limits, service on the opposing party was not completed until 4 days later. Applying the ruling of *Schaefco* to the facts herein, filing and service were not timely completed within the limitations of MAR 7.1(a) and the trial court correctly refused to allow a trial de novo.

We are aware that Division One of the Court of Appeals has also recently examined the time limitations of MAR 7.1(a), found them to be procedural in nature and held that

dismissal is not warranted in the face of substantial compliance with the rule. *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993). *Hoirup* may be distinguished on two grounds: first, unlike in our case, the moving party had provided actual notice of the appeal within 20 days of the arbitration award, and second, and more importantly, *Hoirup* was decided 3 days before, and therefore without the benefit of, the *Schaefco* decision.

■ The Jankelsons seek attorney fees on appeal on two grounds: (1) the alleged frivolity of the appeal, and (2) the terms of the commercial lease between them and Lynn. The appeal is not frivolous, so fees should be denied on that basis. However, a party is entitled to attorney fees on appeal pursuant to contract, *Leen v. Demopolis*, 62 Wn. App. 473, 815 P.2d 269 (1991), *review denied*, 118 Wn.2d 1022 (1992). The Jankelsons are entitled to recover their reasonable fees on that basis, provided that they document the existence of the contractual language within 10 days of the filing of this opinion and otherwise comply with RAP 18.1.

Affirmed.

SEINFELD, A.C.J., and GREEN, J. Pro Tem., concur.