[No. 16504-0-II.    Division Two.    March 30, 1995.]

THOMAS R. O'NEILL, ET AL, *Appellants*, v. DANNY JACOBS,
ET AL, *Respondents*.

*Jeffrey Alan Robinson, Christopher Eller Allen,* and *Gordon, Misner & Robinson,* for appellants.

*Steven Joseph Brown* and *Matthew L. Sweeney,* for respondents.

FLEISHER, J. — The Pierce County Superior Court denied Thomas and Katherine O'Neills' (the O'Neills) request for a trial de novo on an arbitration award on the grounds that the O'Neills had not timely served the opposing party. The O'Neills appeal. We reverse and remand for trial de novo.

## FACTS

On August 12, 1992, an arbitration award was filed with the clerk of the Pierce County Superior Court in favor of the Jacobses and Bo-Mac Gravel Company (the Jacobses). The award involved the Jacobses' contract and tort dispute with the O'Neills.

Under Mandatory Arbitration Rule 7.1, an aggrieved party may request a trial de novo within 20 days after the arbitration award is filed. On August 28, 1992, counsel for the O'Neills filed a request for trial de novo, a note for trial setting, and a jury demand. On the same day, counsel for the O'Neills mailed to counsel for the Jacobses a cover letter referencing the request for trial, the note for trial setting and the jury demand. However, O'Neills' counsel failed to include the request for trial and the jury demand in the package of documents. Counsel for the Jacobses received the August 28 cover letter and the note for trial on August 31.

Later on August 28, counsel for the O'Neills discovered clerical errors in the request for trial de novo. On August 31, they filed amended documents. On the same day, the O'Neills' counsel transmitted facsimiles of the amended request for trial, the note for trial setting, and the jury demand to counsel for the Jacobses. Counsel for the Jacobses do not dispute that they received the facsimiles on August 31. The O'Neills' counsel filed proof of service with the court on September 1. Also on September 1, the O'Neills' counsel

called counsel for the Jacobses to confirm receipt of the facsimiles.

On September 2, the 21st day after the arbitration award was filed, the request for trial and accompanying documents were hand delivered to counsel for the Jacobses. Because the O'Neills' request for trial was not served on the Jacobses by mail or in person within the 20-day period provided under MAR 7.1, the Jacobses moved to deny the request for trial de novo, and for entry of the judgment on the arbitration award.

The court granted the Jacobses' motion and entered judgment on the arbitration award.

## DISCUSSION

The issue in this case is whether the trial court erred in denying the O'Neills' request for trial de novo on the grounds that they failed to satisfy the service of process requirements of MAR 7.1.

MAR 7.1(a) provides in part:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

MAR 7.1 requires that both filing and service occur within the 20-day period. Service of pleadings and papers under MAR 7.1 is governed by Superior Court Civil Rule 5.[1] The portion of CR 5 that concerns us here states, in pertinent part:

> **(b) Service — How Made.**
>
> (1) *On Attorney or Party.* . . . Service upon the attorney . . . shall be made by delivering a copy to him or by mailing it to him at his last known address . . .. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; . . ..

---

[1]MAR 1.3(b)(2) provides "After a case is assigned to an arbitrator, all pleadings and other papers shall be served in accordance with CR 5 and filed with the arbitrator."

In the present case, the request for trial was *filed* within the 20-day period. The question presented is whether *service* also occurred within the 20-day period in a manner that satisfies the rule.

## Service by Facsimile

Our first inquiry is whether service by facsimile on August 31 satisfies the service requirement of the rule. Courts apply the same principles for interpreting court rules as for construing statutes. *In re Stoker*, 118 Wn.2d 782, 792, 827 P.2d 986 (1992). Thus, when interpreting a rule, we give effect to the ordinary meaning of its language. *Stoker*, 118 Wn.2d at 792. CR 5(b)(1) sets forth in some detail what constitutes delivery for purposes of the rule. Service by facsimile is not a method of delivery provided for in the rule.

While advances in technology may someday result in the acceptance of service by facsimile as an authorized form of delivery, this is a policy question which is most appropriately decided within the established process for amendment of court rules. General Rule 9 governs the adoption of court rules and this court must respect that process. The conflicting policy and practical concerns implicated by allowing service by facsimile are best resolved by debate among those who will be most affected.[2] Therefore, we hold that the delivery of the request for trial de novo by facsimile on August 31 did not satisfy the service requirements of MAR 7.1.

## Substantial Compliance

Having found that service by facsimile alone does not meet the requirements of MAR 7.1, we next address the O'Neills' argument that the requirements of MAR 7.1 are satisfied where there is substantial compliance with CR 5(b).

One of the necessary elements to confer appellate jurisdiction is timely notice of appeal. Compliance with such time limits is essential to confer jurisdiction on the court. *Deschenes v. King Cy.*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). However,

---

[2]In 1989, the Washington State Bar Association considered a proposal to recommend to the Supreme Court adoption of a rule allowing service by facsimile. The proposal was defeated by a tie vote.

where the requirements of the rule are procedural, the court may find that substantial compliance is sufficient to satisfy the rule. *See, e.g., Schmitt v. Matthews*, 12 Wn. App. 654, 531 P.2d 309 (1975); *State v. Ashbaugh*, 90 Wn.2d 432, 583 P.2d 1206 (1978).

The goal of modern rules of civil procedure is to minimize procedural traps and to allow cases to proceed on the merits in the absence of serious prejudice to other parties. *See In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980). The Washington Supreme Court has emphasized that the reason behind procedural notice requirements is to ensure that due process is provided. *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991); *see also Saltis*, at 895.

In *Saltis*, the issue was whether a party had complied with the statute that gives the superior court jurisdiction over decisions of the Board of Industrial Insurance Appeals. That statute requires an appellant to serve a notice of appeal on the board and on the Director of the Department of Labor and Industries. *Saltis*, 94 Wn.2d at 893-94. The court held that substantial compliance is sufficient to meet this requirement if there is either actual notice or the notice "was served in a manner reasonably calculated to give notice . . .". *Saltis*, 94 Wn.2d at 896. *See also Wichert*, 117 Wn.2d at 152 (service held adequate where it was reasonably calculated to accomplish notice to the defendant); *Thayer v. Edmonds*, 8 Wn. App. 36, 39, 503 P.2d 1110 (1972), *review denied*, 82 Wn.2d 1001 (1973); *In re Estate of Palucci*, 61 Wn. App. 412, 415-16, 810 P.2d 970 (1991) (substituted service statutes require strict compliance, but personal service statutes require only substantial compliance).

Two recent cases have addressed the issue of timely service of process under MAR 7.1(a). *See Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1377 (1993); *Jankelson v. Lynn Constr., Inc.*, 72 Wn. App. 232, 864 P.2d 9 (1993). In *Hoirup*, counsel filed a request for trial de novo within 20 days of the arbitration decision, but failed to serve opposing counsel with the request until 35 days after the decision. *Hoirup*, 69 Wn. App. at 480. The court held that

dismissal of a request for trial de novo was not warranted where the request had been timely filed, the opposing party had actual notice of the request, and no prejudice was caused by the delay. *Hoirup*, at 482-83. The court found that the service of notice requirements of MAR 7.1(a) are procedural, rather than jurisdictional, and thus require only substantial, not strict, compliance. *Hoirup*, at 480-81, 483.

In *Jankelson*, this court held that a request for trial de novo was properly dismissed when counsel mailed a copy of the request for trial to opposing counsel on the 20th day following the arbitration decision. *Jankelson*, 72 Wn. App. at 234-36. *Jankelson* involved service by mail under CR 5(b)-(2)(A), which provides that such service is not deemed complete until the third day following the day the materials are mailed. Thus, the *Jankelson* court held that mailing the request for trial to opposing counsel on the last day of the allotted time did not meet the rule's requirements. *Jankelson*, at 235-36. The *Jankelson* court distinguished *Hoirup* on two grounds: first, in *Hoirup*, unlike in *Jankelson*, opposing counsel had actual notice of the request for trial within the 20-day period; second, *Hoirup* was decided prior to the Supreme Court decision in *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993), upon which the *Jankelson* court relied. *Jankelson*, at 237.

*Schaefco* involved both the 30-day time limit for filing a notice of appeal under RAP 5.2(a) and the 10-day time limit for a motion for reconsideration under CR 59(b). Schaefco filed its motion for reconsideration on the 10th day after entry of judgment, but did not serve it within the 10-day period. *Schaefco*, at 367. Approximately 1 month later, the trial court denied the motion for reconsideration. A few weeks later, 69 days after entry of judgment, Schaefco filed a notice of appeal. *Schaefco*, 121 Wn.2d at 367. The court held that "[b]ecause Schaefco's motion for reconsideration was not timely, it did not extend the 30-day limit for filing the notice of appeal. As such, the notice of appeal Schaefco filed on September 9 was well outside the 30-day time limit." *Schaefco*, at 368.

In *Jankelson*, as in *Schaefco*, actual notice was not received within the time period set forth in the rules. Because providing notice within the required time period is necessary to confer jurisdiction, the courts in both cases required strict compliance with the applicable time limits.

In the present case, counsel for the Jacobses did receive actual notice within the 20-day period. They were alerted to the request for a trial de novo by the August 28 cover letter, they received the facsimile documents on August 31, and they were not prejudiced by the 1-day delay in delivery of the notice.

As in *Hoirup*, the issue here is not a failure to meet the time period for filing or for providing actual notice; rather, the question is whether the notice received within the time period was sufficient. We hold that the service of process requirements of MAR 7.1 are procedural and therefore substantial compliance is sufficient to confer jurisdiction for the request for a trial de novo.

The Jacobses also assert a claim for attorney fees if they prevail. Because we hold for the O'Neills, the Jacobses' claim is denied.

SEINFELD, C.J., and WIGGINS, J., concur.