[No. 35076-5-I.   Division One.   July 1, 1996.]

CORY B. NEVERS, *Appellant*, v. FIRESIDE, INC., *Respondent.*

*Paul H. King*, for appellant.

*David P. Williams* and *Lund & Williams, P.S.*, for respondent.

PER CURIAM — Cory Nevers and Steve Anderson have moved to modify a commissioner's ruling granting the court's motion on the merits to affirm and denying in part their motion to strike portions of respondent's brief. After

independently reviewing the matter, we grant the motion to modify in part, accelerate review pursuant to RAP 18.12,[1] and reverse.

## FACTS

Appellants timely filed their request for trial de novo but did not serve the request until the 20th day. The trial court terminated review below finding, among other things, that (1) the request for trial de novo was timely filed; (2) service of the request was not accomplished and no proof of service was on file; and (3) no explanation existed for failure to serve within the 20-day time period. Relying on *Schaefco v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993), and *Jankelson v. Lynn Constr., Inc.*, 72 Wn. App. 232, 864 P.2d 9 (1993), the trial court ruled that it could not extend the time limitation for service because compliance with the rule is "jurisdictional." The court's written ruling concludes:

> [MAR 7.1] requires both service and filing to be accomplished by the twentieth day; compliance with the rules is 'jurisdictional' in the sense that the Court is without authority to extend the deadline. *See Schaefco v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993); *Jankelson v. Lynn Construction*, 72 Wn. [App.] 232, 864 P.2d 9 (1993).

This appeal followed.

## DECISION

■ Appellants assert that MAR 7.1's 20-day time period for service is not jurisdictional but can be satisfied by substantial compliance. In support, appellants cite to this court's opinion in *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 483, 848 P.2d 1337 (1993). We agree.

In *Hoirup*, this court held that MAR 7.1's time require-

---

[1]We deny that portion of appellants' motion to modify directed to their motion to strike.

ment for service of notice is not jurisdictional. There, the filing of a motion for trial de novo was timely but service not made until 35 days after the arbitration decision. This court held such service to be in substantial compliance with the rule, stating:

> While service of notice on all parties is the requirement of the rule, neither MAR 7.1 nor any other applicable legal principle makes that a jurisdictional requirement. Empire received actual notice of the appeal, and makes no claim or proof of prejudice by the appellant's delay of service and failure to file the proof of service with the court.

*Hoirup*, 69 Wn. App. at 483.

Respondent suggests that *Hoirup* is no longer good law after the Supreme Court's opinion in *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993). We disagree.

*Schaefco* concerned the 30-day time requirement for filing a notice of appeal under RAP 5.2(a) and the 10-day time limit for filing and serving a motion for reconsideration under CR 59(b). Schaefco timely filed its motion for reconsideration but did not serve it within the 10 day period. *Schaefco*, 121 Wn.2d at 367. Schaefco then filed a notice of appeal.

Respondent moved to dismiss, arguing that the motion for reconsideration was untimely, and therefore did not extend the 30-day time period for filing a notice of appeal. A court of appeal's commissioner ruled in favor of respondent. That ruling was modified and the appeal certified to the Supreme Court.

Respondent argued that the Supreme Court lacked jurisdiction to hear the case because the notice of appeal was untimely. The court agreed, stating that "[b]ecause Schaefco's motion for reconsideration was not timely, it did not extend the 30-day limit for filing the notice of appeal. As such, the notice of appeal Schaefco filed on September 9 was well outside the 30-day time limit." *Schaefco*, 121 Wn.2d at 368.

The court further indicated that because appellant had failed to timely perfect an appeal, the disposition of the case was governed by RAP 18.8(b). RAP 18.8(b) provides that failure to timely file certain filings (notice of appeal, notice for discretionary review, motion for discretionary review, petition for review, or a motion for reconsideration) results in dismissal except in extraordinary circumstances or to prevent a gross miscarriage of injustice. Applying RAP 18.8(b) to the facts, the court held that dismissal was warranted because Schaefco had not provided sufficient excuse for its failure to file a timely notice of appeal. *Schaefco*, 121 Wn.2d at 368.

Although *Schaefco* appears to support a determination that the procedural requirements of MAR 7.1 are jurisdictional, *Hoirup* and *Schaefco* are reconcilable. The facts of *Schaefco* were governed by RAP 18.8(b) which specifically limits the court's ability to grant extensions of time for certain filings which do not include a request for trial de novo.

In *Hoirup* this court, in deciding that the filing and service requirements for a request for trial de novo are procedural, specifically compared such procedures with the court's limited ability to grant extensions for filings listed in RAP 18.8(b):

> A specific exception to the rule of liberality is RAP 18.8(b), which limits the court's ability to grant extensions of time for certain filings. The procedures listed in RAP 18.8(b) and RAP 18.9(b) and (c) (notice of appeal, notice for discretionary review, motion for discretionary review, or a motion for reconsideration) are the modern equivalent of jurisdictional requirements. Failure to timely file any of these will result in dismissal, except in extraordinary circumstances or to prevent a gross miscarriage of justice. . . . *If a procedure is not specifically mentioned in RAP 18.8(b), the requirement is procedural and failure to comply will not generally result in dismissal.*

(Emphasis added.) *Hoirup*, 69 Wn. App. at 482.

The decision concludes that "[w]hile service of notice on

all parties is the requirement of [MAR 7.1], neither MAR 7.1 nor *any other applicable legal principle* makes that a jurisdictional requirement." (Emphasis added.) *Hoirup*, 69 Wn. App. at 483. *Hoirup* remains good law.

The trial court also relied on *Jankelson v. Lynn Constr., Inc.*, 72 Wn. App. 232, 864 P.2d 9 (1993) to terminate review. Respondent contends that this court should follow the holding of *Jankelson* to affirm the trial court. In *Jankelson*, Division Two held that a request for trial de novo was properly dismissed when counsel mailed a copy of the request on the 20th day following the arbitration decision. *Jankelson*, 72 Wn. App. at 234-36. The *Jankelson* court distinguished *Hoirup* factually by noting that "unlike in our case, the moving party [in *Hoirup*] had provided actual notice of the appeal within 20 days of the arbitration award". *Jankelson*, 72 Wn. App. at 237.

But most recently, Division Two in *O'Neill v. Jacobs*, 77 Wn. App. 366, 372, 890 P.2d 1092 (1995), held that MAR 7.1's service requirement is procedural and can be satisfied by the other party's receipt of actual notice of the request within the 20-day period, followed by actual service and lack of prejudice. In concluding that the receipt of actual notice within the 20-day period is sufficient where there is no showing of prejudice, the court cited to *Hoirup*, stating:

> As in *Hoirup*, the issue here is not failure to meet the time period for filing or for providing actual notice; rather, the question is whether the notice received within the time period was sufficient. We hold that the service of process requirements of MAR 7.1 are procedural and therefore substantial compliance is sufficient to confer jurisdiction for the request for a trial de novo.

*O'Neill*, 77 Wn. App. at 372.

We note that in both *Jankelson* and *O'Neill*, the court based its decisions on a misreading of our holding in *Hoirup*. In both cases, the court indicated that *Hoirup* imposes the requirement that actual notice must be

received within the 20-day time period to constitute substantial compliance. No such requirement was ever stated in *Hoirup*.

We continue to abide by our earlier decision in *Hoirup*. Here, respondent makes no claim of prejudice. As such, appellants' service of the request for trial de novo on the 20th day constituted substantial compliance with MAR 7.1's time requirement for service of notice under *Hoirup*. The trial court erred in terminating review.

Accordingly, the trial court's decision terminating review is reversed.

Reconsideration denied August 14, 1996.

Review granted at 131 Wn.2d 1008 (1997).