[No. 36964-4-I.     Division One.     January 27, 1997.]

PERKINS COIE, *Respondent*, v. STEPHANIE WILLIAMS, ET AL., *Petitioners*.

734

*James C. Lawrie,* for petitioners.

*William G. Suttell* and *Suttell Law Offices,* for respondent.

*William R. Bishin* on behalf of the Washington State Bar Association, amicus curiae.

Cox, J. — May a party who arbitrates claims under the

Superior Court Mandatory Arbitration Rules request a trial de novo of less than all the issues of fact and law that were arbitrated? We hold that a party may not so limit a request for a trial de novo. Accordingly, we reverse the trial court's orders and remand this case for further proceedings.

The Perkins Coie (Perkins) law firm brought this action against Richard and Chris Williams and their daughter, Stephanie Williams. The firm sought to recover payment for legal services incurred during its representation of Stephanie in a personal injury action. The case proceeded to arbitration under the Superior Court Mandatory Arbitration Rules. The arbitrator made an award against Stephanie Williams in favor of Perkins. There was no award against Richard and Chris Williams.

Perkins timely filed and served its request for a trial de novo, but purported to limit the scope of the matters to be submitted for trial by modifying the form of request specified in MAR 7.1(a).[1] The firm added the words "as to the defendants, Richard Williams and Chris Williams only" after the filing date of the award in its request. Richard and Chris Williams moved to strike the request, arguing that Perkins had omitted Stephanie Williams from the trial de novo. According to them, the statute and rules governing mandatory arbitration do not permit partial trials de novo. The trial court denied their motion to strike and a motion for reconsideration. We granted discretionary review.

I

Partial Trial De Novo

Richard and Chris Williams argue that the mandatory

---

[1]MAR 7.1(a) provides in part: "The request for a trial de novo . . . shall be in the following form:

" . . . .

"Please take notice that   [name of aggrieved party]   requests a trial de novo from the award filed   [date]   ."

arbitration statute, RCW 7.06.050, bars a request for a trial de novo of less than all issues and parties to the arbitration proceeding. We hold that a request for a trial de novo may not exclude any issue of law or fact that was arbitrated.

■■ At issue is the interpretation of the mandatory arbitration statute. Statutory interpretation is a question of law that is subject to de novo review.[2] We apply certain principles to our task. First, a statute that is clear on its face is not subject to judicial interpretation.[3] Second, an ambiguity will be deemed to exist if the statute is subject to more than one reasonable interpretation.[4] Third, if a statute is subject to judicial interpretation, it will be construed in the manner that best fulfills the legislative purpose and intent.[5]

RCW 7.06.050 provides in part that:

> Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on *all issues of law and fact.* Such trial de novo shall thereupon be held, including a right to jury, if demanded.[6]

■■ The italicized phrase "all issues of law and fact" in the above excerpt defines the minimum scope of issues that a request for trial de novo must contain following an arbitration. Terms that are not defined by the statute in question must be accorded their plain and ordinary mean-

---

[2]*Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

[3]*In re Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).

[4]*Kovacs*, 121 Wn.2d at 804.

[5]*Kovacs*, 121 Wn.2d at 804.

[6](Italics ours.)

ing unless a contrary intent appears.[7] The word "all" is undefined by the statute. The plain and ordinary meaning of that word is "[b]eing or representing the entire or total number, amount, or quantity."[8] No contrary intent appears in this statute. RCW 7.06.050 is plain on its face and is not susceptible to more than one reasonable interpretation. Therefore, we conclude that all issues of law and fact with respect to Stephanie Williams, as well as Richard and Chris Williams, were necessary to a request for trial de novo. Perkins' unilateral attempt to exclude from consideration those issues respecting Stephanie Williams was contrary to the clear provisions of the statute.

Our reading of the statute is consistent with the Legislature's clear statement of policy. Requests for modification of that policy should be directed to the Legislature, not this court.[9]

The legislative history of the statute explains that the "[e]xperience of other states indicates that [mandatory arbitration] is an effective method of reducing court congestion and also providing a fair but streamlined resolution of disputes involving small sums. Speed is gained both in setting a hearing date and actual trial time."[10] The primary goal of the mandatory arbitration statute and rules is to reduce congestion in the courts and delays in hearing civil cases.[11] To the extent this primary goal is achieved, everyone should obtain increased access to justice.

A supplemental goal of the mandatory arbitration stat-

---

[7]*City of Spokane v. Fischer*, 110 Wn.2d 541, 543, 754 P.2d 1241 (1988).

[8]AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 47 (3d ed. 1992).

[9]*State v. Givens*, 74 Wn.2d 48, 49, 442 P.2d 628 (1968).

[10]S. Bill 425 Rep., 46th Legis. (Feb. 8, 1979).

[11]*Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984) (citing Senate Journal, 46th Legis. (1979), at 1016-17).

ute is to discourage meritless appeals.[12] That goal is reflected in RCW 7.06.060 and MAR 7.3, which require that attorney fees be assessed against a party who fails to improve her position as to an adverse party's claim at a trial de novo.[13]

Here, Perkins unilaterally purported to limit the scope of issues to be considered at a trial de novo. The firm sought a trial only on its unsuccessful claim against Richard and Chris Williams. Perkins candidly admits that it attempted to limit the issues at trial to avoid the assessment of fees against it. If the firm had included Stephanie Williams, it could not have improved its position as to its claim against her. The firm won against her at arbitration.

Arguably, Perkins' unilateral attempt to limit the issues for trial de novo would further the mandatory arbitration goal of reducing court congestion. A trial with fewer issues would, presumably, take less time and free the court to consider other matters.

Richard and Chris Williams argue, on the other hand, that RCW 7.06.050, by its express terms, requires that a request for trial de novo seek relitigation of all issues decided at arbitration. They also argue that the threat of attorney fees being assessed against one who fails to improve her position as to an arbitrated claim is a necessary mechanism to preserve the perceived benefits of arbitration.

We need not decide in this case the relative merits of these conflicting policy arguments. The result we reach by our reading of the statute is dictated by the clear language of RCW 7.06.050. It is the province of the Legislature, not this court, to decide what statutory framework best promotes the goals sought by mandatory arbitration.

Perkins chiefly relies on *Christie-Lambert* to support the firm's argument that partial trials de novo should be al-

---

[12]*Christie-Lambert*, 39 Wn. App. at 303.

[13]*Christie-Lambert*, 39 Wn. App. at 303

lowed. There, Christie-Lambert, McLeod, and Nolan arbitrated certain claims under the Superior Court Mandatory Arbitration Rules. The arbitrator made an award in favor of Christie-Lambert for all of its claims, but did not make an award on McLeod's cross-claim against Nolan. The reason was that Nolan had not been served with the cross-claim as of the time of the arbitration. McLeod requested a trial de novo. Apparently, McLeod also served Nolan with the cross-claim prior to trial. At trial, McLeod did not substantially improve his position on the issues that were arbitrated. But he recovered a significant amount on the cross-claim against Nolan. The trial court refused to award Christie-Lambert its attorney fees for relitigating its claim against McLeod notwithstanding his failure to improve his position with respect to Christie-Lambert's claim against him. On appeal, the issues, as stated by this court, were whether (a) fees were awardable against McLeod and (b) an attorney fees award against McLeod would unconstitutionally restrict his right to a jury trial.[14]

Perkins argues that the *Christie-Lambert* court stated that alternatives to a trial de novo as to all issues and parties exist that avoid duplication of legal efforts. The court did make that statement. But it is of no help to Perkins here. The court made the statement with specific reference to the fact that Christie-Lambert had offered to stipulate to a trial de novo limited to the issue of the cross-claim against Nolan. It was because McLeod refused this stipulation that the court felt justified in imposing fees against McLeod despite his improvement in position by recovery on the cross-claim.[15] Here, there was no stipulation. *Christie-Lambert* therefore is inapposite.

Perkins next argues that the statute does not make an appeal as to all parties mandatory. Specifically, the firm cites the first of the following two italicized sections of RCW 7.06.050 to support its position:

---

[14]*Christie-Lambert*, 39 Wn. App. at 301.

[15]*Christie-Lambert*, 39 Wn. App. at 304.

> Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party *may file* with the clerk a written notice of appeal and request for a trial de novo in the superior court on *all issues of law and fact*. Such trial de novo shall thereupon be held, including a right to jury, if demanded.[16]

This textual argument makes no sense. The word "may" is intended to indicate that an aggrieved party has the option of either requesting a trial de novo or accepting the arbitration award. It does not mean that a party who chooses the former option is free to demand trial on less than all issues arbitrated. Any other reading of the statute makes the second of the italicized phrases, "all issues of law and fact," superfluous. Such a reading would violate a fundamental principle of statutory construction.[17]

The Williamses raise a number of other arguments in support of their position on appeal. Because we hold that a request for a partial trial de novo is not permitted under the mandatory arbitration statute, we need not reach those arguments.

## II

## Jurisdiction

Richard and Chris Williams next argue that Perkins' request for a trial de novo is fatally flawed because it does not invoke the subject matter jurisdiction of the superior court. We disagree.

The essence of their argument is that Perkins' unilateral attempt to limit the issues to be considered in the trial de novo precludes the firm from obtaining a trial of

---

[16](Italics ours.)

[17]*Cox v. Helenius*, 103 Wn.2d 383, 387-88, 693 P.2d 683 (1985) (the court is required to give effect to "every word, clause and sentence of a statute. . . . No part should be deemed inoperative or superfluous unless the result of obvious mistake or error.").

any of the issues arbitrated. The chief reason we reject that argument is that it mischaracterizes the dispositive issue. That issue is whether a party may unilaterally define the scope of review in a request for trial de novo. We hold that a party may not.

In *Schneider v. Setzer*,[18] this court considered an appeal taken directly from the decision of an arbitrator. The parties had stipulated that the Superior Court Mandatory Arbitration Rules applied. They further stipulated that "neither party shall be entitled to a trial de novo as otherwise allowed under the MAR and/or LMAR (King County), and shall be allowed an appeal to the Washington State Court of Appeals on the basis of errors of law only."[19]

The court dismissed the appeal. In reaching the conclusion that it had no jurisdiction to hear the appeal, the court noted that under *Barnett v. Hicks*[20] parties may not stipulate to the nature and scope of review of an arbitrator's decision.

■ The principle stated in *Schneider* applies with even more force to this case. If parties may not stipulate to the nature and scope of review of an arbitrator's decision, a party may not unilaterally attempt to do so. Here, the controlling statute does not authorize a request for trial de novo of fewer than all issues that were arbitrated. Perkins could not unilaterally reduce the scope of issues that the superior court could consider at a trial de novo by its modified request for trial de novo. We conclude that a trial de novo involving all issues arbitrated among the parties may proceed. There is no jurisdictional defect precluding such a trial.

Richard and Chris Williams analogize the request for trial de novo to a notice of appeal and contend that because Perkins' request for a trial de novo deviated from the form

---

[18]74 Wn. App. 373, 872 P.2d 1158 (1994).

[19]*Schneider*, 74 Wn. App. at 375.

[20]119 Wn.2d 151, 829 P.2d 1087 (1992).

required by MAR 7.1, the superior court lacks jurisdiction. Their argument fails.

Richard and Chris Williams cite Division II cases for the proposition that requests for trial de novo are jurisdictional.[21] These cases do not help them for two reasons. First, the cases deal with the requirement of serving a request for trial de novo. In this case, service of notice is not at issue. Rather, Richard and Chris dispute Perkins' deviation from the MAR 7.1 form. Second, this court recently rejected the argument that timely service of notice of a request for trial de novo is jurisdictional. In *Nevers v. Fireside, Inc.*,[22] we said that a state Supreme Court case holding that timely notice under the Rules of Appellate Procedure is a jurisdictional requirement is not applicable to the timely notice requirement in the MARs. We thus affirmed the holding of *Hoirup v. Empire Airways, Inc.*,[23] that the MAR 7.1 requirement of timely service of notice on the parties is not jurisdictional.[24]

The superior court has jurisdiction to hear further proceedings in this case. Perkins' attempt to limit the scope of review fails

## III

## Attorney Fees

Richard and Chris Williams argue that, if successful in this appeal, they are presently entitled to attorney fees. We disagree.

Attorney fees may be recovered only when authorized by statute, a recognized ground of equity, or agree-

---

[21]*Jankelson v. Lynn Constr., Inc.*, 72 Wn. App. 232, 864 P.2d 9 (1993); *O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995).

[22]82 Wn. App. 441, 918 P.2d 194 (1996).

[23]69 Wn. App. 479, 848 P.2d 1337 (1993).

[24]*Nevers*, 82 Wn. App. at 445.

ment of the parties.[25] An appellate court may grant attorney fees pursuant to RAP 18.1.

MAR 7.3 provides that:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo. "Costs" means those costs provided for by statute or court rule. Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.

■ Courts have awarded fees against appellants who failed to improve their position both at trial de novo and on appeal.[26] A full trial need not occur. Fees may be awarded following summary judgment or voluntary dismissal,[27] or when the appellant voluntarily withdraws the request for a trial de novo.[28]

This case does not fall into any of the above categories. There has been no trial de novo or summary judgment. There has been no withdrawal of the request for a trial de novo. Thus, the award of fees on this appeal is premature. We hold that any award of fees for this appeal shall abide

---

[25]*Christie-Lambert*, 39 Wn. App. at 301 (citing *Mellor v. Chamberlin*, 100 Wn.2d 643, 649, 673 P.2d 610 (1983)).

[26]*Christie-Lambert*, 39 Wn. App. at 309; *Colarusso v. Petersen*, 61 Wn. App. 767, 812 P.2d 862, *review denied* 117 Wn.2d 1024 (1991); *Wilkerson v. United Inv., Inc.*, 62 Wn. App. 712, 815 P.2d 293 (1991), *review denied* 118 Wn.2d 1013, 824 P.2d 491 (1992); *Arment v. Kmart Corp.*, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995).

[27]*Puget Sound Bank v. Richardson*, 54 Wn. App. 295, 773 P.2d 429 (1989); *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 787 P.2d 946 (1990); *Nguyen v. Glendale Constr. Co.*, 56 Wn. App. 196, 782 P.2d 1110 (1989), *review denied*, 114 Wn.2d 1021 (1990).

[28]MAR 7.3.

the judgment in the trial court after one of the above situations occurs on remand.[29]

We reverse the trial court's orders and remand for further proceedings consistent with this opinion.

GROSSE and BECKER, JJ., concur.

Review denied at 132 Wn.2d 1013 (1997).

---

[29]*See Hoirup,* 69 Wn. App. at 484; *Singer v. Etherington,* 57 Wn. App. 542, 789 P.2d 108 (1990) (holding that fees for appeal would be available under MAR 7.3 to respondent if appellant failed to improve position from arbitration award).