[No. 40045-2-I.   Division One.   May 27, 1997.]

THE STATE OF WASHINGTON, *on the Relation of
J.M.H., Petitioner*, v. DAVID HOFER, JR., ET AL.,
*Defendants*, HEATH GOODALL, *Respondent*, JULIANNE
CAROL HEYES, *Petitioner*.

*Julianne C. Heyes*, pro se.

*Richard T. Okrent*, for respondent.

498

PER CURIAM. — An aggrieved party in a mandatory arbitration proceeding may request a trial de novo by filing a written request within 20 days after the award is filed. The applicable rule states that the 20-day period "may not be extended." Heath Goodall concedes that he filed his request beyond the 20-day period, but argues it should be accepted because he substantially complied with the rule. Because the 20-day limit is jurisdictional, we reject Goodall's claim and vacate the trial court's order granting a trial de novo.

## FACTS

The State filed a paternity action on behalf of J.M.H. against Goodall, the child's biological father. The child's mother is Julianne Heyes. An arbitrator found Goodall was voluntarily unemployed, not forthcoming about his income, and had available extraordinary funds. The arbitrator set child support, ordered Goodall to pay a pro rata share of daycare expenses, and found him in arrears for child support and daycare expenses.

The arbitrator entered her award on October 22, 1996. The 20th day following entry of the award was November 11, Veterans' Day. Because that is a court holiday, the 20-day deadline for filing a request for trial de novo was November 12. Goodall filed a request on November 13.

Heyes objected to the untimely filing and moved the court to strike the request. Goodall defended the untimely filing. Counsel explained that Goodall lives in New Mexico. On October 28, counsel sent Goodall a letter informing him of his option to request a trial de novo. Goodall responded by fax on November 12, informing counsel he wished to pursue trial de novo. Because of a head injury he sustained on November 10, counsel did not become aware of the fax until November 13. He immediately filed

a request for trial de novo and sent a copy to Heyes' counsel.

The court granted Goodall's request. The minute entry states: "The court will not deprive client right to litigate and the court allows the matter to proceed [to] trial de novo." Accordingly, the court denied Heyes' motion for entry of the arbitrator's award and directed that the case proceed to trial.

This court granted Heyes' motion for discretionary review of the court's order. RAP 2.3(b)(1) and (2). Heyes argues that because Goodall failed to comply with the mandatory 20-day time limit to file the request, the trial court lacked jurisdiction to consider it. We agree.

*The 20-day limit may not be extended.*

MAR 7.1(a) provides in pertinent part:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

The rule's 20-day time limit has attracted much attention in recent years.[1] These cases hold that the *service* requirement is procedural, rather than jurisdictional, and may be satisfied by substantial compliance with the rule.[2] The cases do not apply the substantial compliance standard to the 20-day *filing* requirement. In fact, the issue of timely filing was not before the court because the request was timely filed in each of those cases.

Goodall recognizes this distinction and concedes the 20-

---

[1]*See, e.g., Nevers v. Fireside, Inc.*, 82 Wn. App. 441, 918 P.2d 194 (1996), *review granted*, 131 Wn.2d 1008, 932 P.2d 1255 (1997); *O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995); *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993).

[2]*But see, Jankelson v. Lynn Constr., Inc.*, 72 Wn. App. 232, 864 P.2d 9 (1993) (service requirement is jurisdictional, at least where there is neither timely actual notice of the request for trial nor timely service).

day filing requirement is jurisdictional. Nevertheless, he asks us to analogize the trial de novo proceeding to an appeal, which we did in *Hoirup*, apply the Rules of Appellate Procedure (RAP), and excuse his late filing because of due diligence and substantial compliance.

The pertinent rules here are RAP 5.2(a) and (b) and RAP 18.8(b). The former states that notices of appeal and for discretionary review "must" be filed within 30 days of the challenged decision. The word "must" is used if extending the time limit is subject to RAP 18.8(b).[3] RAP 18.8(b) sets forth "the modern equivalent of jurisdictional requirements."[4] It permits the extension of time within which a party must file a notice of appeal and for discretionary review "only in extraordinary circumstances and to prevent a gross miscarriage of justice."

MAR 7.1, on the other hand, grants no such permission. Rather, it clearly states that "[t]he 20-day period within which to request a trial de novo may not be extended." We interpret court rules in the same manner as statutes.[5] A statute that is clear on its face is not subject to judicial interpretation.[6] An ambiguity will be deemed to exist only if the statute is subject to more than one reasonable interpretation.[7]

MAR 7.1(a) is subject to only one reasonable interpretation. To request a trial de novo, a party must ask for one from the superior court. The most basic step in seeking a remedy in court is to timely *file* a request, be it a notice, a motion, or another type of pleading, which operates to invoke the court's jurisdiction. Goodall did not ac-

---

[3]RAP 1.2(b).

[4]*Hoirup*, 69 Wn. App. at 482.

[5]*In re Stoker*, 118 Wn.2d 782, 792, 827 P.2d 986 (1992).

[6]*In re Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).

[7]*City of Bellevue v. Hard*, 84 Wn. App. 453, 458-59, 928 P.2d 452 (1996).

complish even this most minimal step in the process.[8] Therefore, even if the Supreme Court affirms *Nevers* and holds that *service* of the request on opposing parties is not a jurisdictional requirement, we hold that *filing* must be accomplished within the required 20 days of the award's filing. To hold otherwise would be to ignore the plain language of MAR 7.1.[9] Because Goodall failed to strictly comply with the filing requirements of the rule, the superior court lacked jurisdiction to order trial de novo.

We conclude the 20-day time limit to file a request for trial de novo under MAR 7.1(a) is jurisdictional. Because Goodall failed to file his request within 20 days, the trial court lacked jurisdiction to grant the request. We reverse the trial court's order and remand the cause for entry of the arbitration award.

---

[8]Even *Hoirup* suggests that noncompliance with the most basic of procedural steps will not be excused: "[S]ubstantial compliance with procedural rules, other than those which constitute the most basic steps, is sufficient." 69 Wn. App. at 483.

[9]*Cf. Moore v. Wentz*, 11 Wn. App. 796, 799, 525 P.2d 290 (1974) (because CR 6(b) specifically provides that court "may not extend the time for taking any action under" CR 59(b), untimely service under rule is jurisdictional bar).