[No. 23860-8-II.    Division Two.    October 29, 1999.]

WENDY HAYWOOD, *Plaintiff*, DEBORAH HITTLE, *Appellant*,
v. ILDEFONSA ARANDA, ET AL., *Respondents*.

*Charles Williamson Talbot* of *Charles W. Talbot & Associates, P.S.*, for appellant.

*Anthony Joseph Vidlak*; and *Marilee C. Erickson* and *William Robert Hickman* of *Reed McClure*, for respondents.

Seinfeld, J. — Deborah Hittle, a plaintiff below, appeals the trial court's denial of her CR 60 motion to vacate a jury verdict. She argued before the trial court that because Ildefonsa Aranda, the defendant below, had not filed proof of service of his demand for a trial de novo following the arbitration of Hittle's personal injury claim, the court erred in granting the trial de novo. We conclude that Hittle's failure to raise this defect until after the jury entered its verdict constitutes a waiver of her objection. Thus, we affirm.

## FACTS

Hittle, and her co-plaintiff, Wendy Haywood, sued Aranda for personal injuries and damages sustained in an automobile accident. The matter was transferred to mandatory arbitration, and, on January 16, 1997, the arbitrator awarded each plaintiff approximately $12,000 in damages. On January 23, Aranda filed a demand for trial de novo pursuant to MAR 7.1(a), but failed to file proof of service.

The jury trial began on March 5, 1998.[1] On March 9, the jury returned a verdict in favor of Hittle for $2,500.

On June 25, Hittle filed a motion to vacate the jury verdict and to enter judgment against Aranda pursuant to the arbitration award. Hittle argued that Aranda's failure to comply with the 20-day requirement of MAR 7.1(a) for filing of proof of service was fatal to his request for a trial de novo. She contended that the trial court lacked jurisdic-

---

[1]The court dismissed Haywood's claims with prejudice on March 6, 1999. Haywood and Hittle were represented by the same legal counsel but counsel did not know Haywood's whereabouts and she had failed to appear for trial. She did not appeal her dismissal.

tion to conduct the trial and should have entered judgment on the arbitration award.

Aranda responded that Hittle had waived her right to rely on noncompliance with MAR 7.1(a) by proceeding through a jury trial and verdict before objecting to his failure to file proof of service. The trial court denied Hittle's motion and entered judgment on the verdict. Hittle appeals from this ruling.

## DISCUSSION
### A. Standard of Review

■ Although Hittle appeals the trial court's denial of her CR 60 motion, the primary issue on appeal is whether the trial court erred in finding that she waived her right to object to the trial de novo. The application of a court rule to a particular set of facts is a question of law and is subject to de novo review. *Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544, *review denied*, 139 Wn.2d 1009 (1999).

### B. Mandatory Arbitration and the Request for a Trial De Novo

■ RCW 7.06 provides for mandatory arbitration for all matters involving a claim up to $35,000, exclusive of costs and interest. RCW 7.06.020. Under both statute and court rule, an aggrieved party may file a request for a trial de novo within 20 days of the arbitrator's filing of the arbitration award.[2]

Along with the request for trial de novo, one must also

---

[2]RCW 7.06.050 provides:

> Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

> If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

file proof of service of the trial request. MAR 7.1(a). We interpret this requirement strictly. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 811-13, 947 P.2d 721 (1997), *overruling O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995), and *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993).

Nonetheless, a party waives the right to object to noncompliance with the proof of service requirements of MAR 7.1(a) by waiting until a trial de novo. *Cook v. Von Stein*, 97 Wn. App. 701, 985 P.2d 956 (1999). In *Cook*, Von Stein failed to file a proof of service along with his demand for trial de novo. *Id.* at 703. Cook did not object to this noncompliance with MAR 7.1(a) until after she received an adverse jury verdict. *Cook*, 97 Wn. App. at 703. On appeal, this court held that the delay in objecting to Von Stein's failure to file proof of service constituted a waiver of that objection.[3] *Id.* at 708.

Further, Hittle's interpretation of the rule, like that of the appellant in *Cook*, would be inconsistent with the Legislature's primary goal in creating a mandatory arbitration system—to "reduce congestion in the courts and delays in hearing civil cases." *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997). Instead, Hittle's approach would increase congestion in the courts by allowing a party to await the outcome of the trial de novo before deciding whether to object to the defect in service.

As this court pointed out in *Cook*, litigants are required

The arbitration rule, MAR 7.1, provides in part:

> (a) Service and Filing. Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

[3]Neither party argues in their appellate briefs that the arbitrator failed to timely file a proof of service of his award pursuant to MAR 6.2. But in oral argument before this court, Aranda contended that this was the case and that a reversal would prejudice him by placing the parties in the pretrial situation. Because we have no record or argument on this issue, we do not address it.

to raise their objections in a timely fashion or to consider them waived in numerous other contexts.[4] And, like *Cook*, this case falls into that category. Thus, Hittle's failure to object to the missing proof of service until the conclusion of a trial de novo constitutes a waiver of her objection to the defect.

## C. Jurisdiction

We also find no merit in Hittle's claim that the trial court lacked authority to proceed. Both MAR 1.3(a) and the decision in *Nevers* make it clear that the superior court retains jurisdiction over cases despite noncompliance with the proof of service requirements of MAR 7.1(a).

MAR 1.3(a) provides, in pertinent part: "A case filed in the superior court remains under the jurisdiction of the superior court in all stages of the proceeding, including arbitration." Further, the court in *Nevers*, discussing the decision in *State ex rel. J.M.H. v. Hofer*, 86 Wn. App. 497, 942 P.2d 979 (1997), distinguished between the superior court's jurisdiction and its authority to act when it held as follows:

> The court in *Hofer* concluded that it was necessary to comply with the "basic step" of timely filing the request for trial de novo in order to invoke the superior court's jurisdiction. *Hofer*, 86 Wn. App. at 500. Although we recognize the filing of the request and proof of service with the superior court is somewhat akin to filing a notice of appeal, it is not a step that invokes the superior court's jurisdiction. The court's jurisdiction is invoked upon the filing of the underlying lawsuit and it is not lost merely because the dispute is transferred to mandatory arbitration.

*Nevers*, 133 Wn.2d at 812 n.4.

Hittle concedes that the *Nevers* court was careful to distinguish between the issue of subject matter jurisdiction and the authority of the court. Nevertheless, she argues

---

[4]Consider, e.g., assertion of affirmative defenses (CR 8(c)); evidentiary objections (ER 103(a)(1)); objections to jury instructions (CR 51(f)).

that the two concepts are analogous and, therefore, like objections to subject matter jurisdiction, objections to the court acting outside the authority granted by MAR 7.1(a) cannot be waived. We disagree.

Although Hittle characterizes her argument as an objection to the trial court's acting outside its authority, it is more akin to an objection to insufficiency of service of process, which a party can waive by inaction. *Raymond v. Fleming*, 24 Wn. App. 112, 114-15, 600 P.2d 614 (1979). Both involve the proper process for providing notice to an adverse party of a court proceeding. Thus, the defendant in *Raymond* waived the defense of insufficient service of process by making an appearance, seeking continuances, and waiting 10 months to move for dismissal. *Id.* at 114-15. The *Raymond* court found that the defendant's conduct was "both dilatory and inconsistent with the later assertion of the defense of insufficient service of process." *Id.* at 115. Similarly, the trial court here had the authority to find that Hittle's conduct was inconsistent with her later assertion and to find waiver.

### D. Retroactive Application of the *Nevers* Decision

Aranda suggests that the *Nevers* decision does not apply here because he filed his request for trial de novo in January 1997, nearly a year before the supreme court issued the *Nevers* decision in December 1997. But we agree with Division One that the *Nevers* decision applies retroactively. *See Kim*, 95 Wn. App. at 444.

Once the highest state court construes a court rule, that construction operates as if it were originally written into the rule. *See State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993); *State v. Darden*, 99 Wn.2d 675, 679, 663 P.2d 1352 (1983). As the *Kim* court explained: "The [*Nevers*] opinion interprets and explains the requirements of MAR 7.1. It does not purport to change the applicable law in any respect." *Kim*, 95 Wn. App. at 444. Thus, the MAR apply to all cases arising after their effective date of July 1, 1980.

Nor do we agree with Aranda that "principles of fundamental fairness" mandate against retroactive application of the *Nevers* decision. *Jankelson v. Lynn Construction, Inc.*, 72 Wn. App. 232, 236, 864 P.2d 9 (1993), the leading Division Two case discussing MAR 7.1(a) at the time Aranda filed his request, clearly states that "[a] party complies with the rule's filing deadline by filing the request with the clerk, together with proof of service of the request on the opposing party within 20 days of the arbitration award." Thus, Aranda was on notice of the filing and 20-day deadline requirements. We see no fundamental unfairness in enforcing the rule.

### E. Estoppel and Laches

Aranda also contends that equitable estoppel principles support the trial court's denial of Hittle's motion to vacate. Equitable estoppel

> requires an admission, statement, or act, inconsistent with the claim afterwards asserted; action by the other party on the faith of such admission, statement, or act; and injury to such other party arising from permitting the first party to contradict or repudiate such admission, statement, or act.

*Raymond*, 24 Wn. App. at 115 (quoting *Arbogast v. Town of Westport*, 18 Wn. App. 4, 7, 567 P.2d 244 (1977)).

Here, Hittle, by presenting her case to the jury and waiting for a jury verdict, acted inconsistently with her later claim that the trial court had no authority to conduct a trial due to deficient proof of service. *See Raymond*, 24 Wn. App. at 115. Further, Aranda acted on the faith of these actions by continuing to participate in the trial process and would be injured by the unnecessary expenditures of time and money if Hittle were permitted to contradict her actions. Thus, principles of equitable estoppel support the trial court's ruling.

The doctrine of laches also supports the trial court's rul-

ing.[5] To assert the defense of laches, one must show both a lack of diligence on the part of one's opponent and prejudice or injury to oneself. *LaVergne v. Boysen*, 82 Wn.2d 718, 721, 513 P.2d 547 (1973) (holding plaintiffs barred by laches from challenging school levy election process when they waited 79 days after election before beginning suit, eight months more before prosecuting suit, and school district suffered prejudice and disadvantage by inability to prepare its budget). As the *LaVergne* court stated:

> Delay and lapse of time alone do not constitute laches. Its application depends upon the equities of a particular case which would render the maintenance of the action inequitable. Some injury, prejudice or disadvantage to the defendant or an innocent third party must result from allowing the relief sought.

*Id.* at 721. Hittle's delay in objecting to Aranda's failure to file proof of service demonstrated a lack of diligence and caused prejudice.

## F. Right to Jury Trial

We do not accept, however, Aranda's argument that it was necessary to deny Hittle's motion to vacate the jury verdict to avoid violating his right to a trial by jury.

Article I, Section 21 of the Washington State Constitution guarantees the right to a jury trial in a civil action. *Knudsen v. Patton*, 26 Wn. App. 134, 137, 611 P.2d 1354 (1980). And the mandatory arbitration statute provides that "[n]o provision of this chapter may be construed to abridge the right to trial by jury." RCW 7.06.070. But a party can waive the right to trial by jury by inaction. *Ford Motor Co. v. Barrett*, 115 Wn.2d 556, 563, 800 P.2d 367 (1990) (finding that failure to file a demand for jury trial pursuant to CR 38(b) constitutes waiver); *Westberg v. All-*

---

[5]Although not raised below, RAP 2.5(a) provides that "[a] party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground." The record here is sufficient.

*Purpose Structures, Inc.*, 86 Wn. App. 405, 412-13, 936 P.2d 1175 (1997) (finding that party waived right to jury trial by failing to participate in arbitration hearing as required by MAR 5.4).

More specifically, a waiver of the right to a jury trial can occur when a party fails to comply with MAR 7.1(a) procedural requirements and deadlines. *Kim*, 95 Wn. App. at 445. Thus, Aranda's contention that he did not waive his right to a jury trial because he substantially complied with the requirements of MAR 7.1(a) and did not "voluntarily and intentionally" waive this right is without merit.

G. Inconsistencies Between MAR 7.1 and RCW 7.06.050

Finally, Aranda asserts that MAR 7.1 is inconsistent with RCW 7.06.050 and is therefore void. We disagree.

We resolve inconsistencies between procedural statutes and court rules in favor of the rules, but rules that deprive a party of a substantive right are void. *Petrarca v. Halligan*, 83 Wn.2d 773, 775-76, 522 P.2d 827 (1974); *State v. Pavelich*, 153 Wash. 379, 382, 279 P. 1102 (1929) (holding that a substantive right of a litigant existing under the law cannot be abrogated by courts under the guise of rules of court). The right to a jury trial in a civil proceeding is a constitutional right. WASH. CONST. art. I, § 21; *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 644, 771 P.2d 711, 780 P.2d 260 (1989).

The Legislature specifically authorized the supreme court to promulgate rules to carry out the purposes of the arbitration statute, the primary goal of which is to reduce congestion in the courts and delays in hearing civil cases. *Perkins Coie*, 84 Wn. App. at 737. RCW 7.06.030 provides that "[t]he supreme court shall by rule adopt procedures to implement mandatory arbitration of civil actions under this chapter."

The mandatory arbitration rules provide procedures for carrying out the purposes of the act and are in no way inconsistent with those purposes. While the constitution un-

questionably preserves the right to a trial by jury, the supreme court's act of mandating participation in an arbitration process, including following the rules of that process, does not abridge that right.

Accordingly, we affirm.

ARMSTRONG, A.C.J., and HUNT, J., concur.

Review granted at 140 Wn.2d 1012 (2000).