[No. 23685-1-II. Division Two. November 5, 1999.]

MARY K. CRESO, *Respondent*, v. LAURI J. PHILIPS, ET AL., *Appellants*.

*Benjamin Franklin Barcus* and *Paul Alexander Linden-muth* of *Law Offices of Ben F. Barcus*, for appellants.

*David Hadley Middleton* of *David H. Middleton & Associates, P.S.*; and *Marilee C. Erickson* and *William Robert Hickman* of *Reed McClure*, for respondent.

MORGAN, J. — This auto accident case went to mandatory arbitration. The defendants thereafter filed a demand for trial de novo, but neglected to file proof of service of the demand. The plaintiff first raised the issue after the trial de novo had been held and judgment had been entered on

the verdict. The trial court ruled that she cannot do that, and we agree.

In September 1995, Mary K. Creso filed and served a complaint against Rick and Lauri Philips. The complaint alleged injuries sustained in an auto accident by reason of Lauri Philips' negligence. From then on, the superior court had jurisdiction over the subject matter of the case[1] and the defendants.[2]

The superior court referred the matter to mandatory arbitration.[3] The referral did not impair the court's jurisdiction.[4]

On July 26, 1996, the arbitrator awarded Creso $35,000. As counsel agreed at oral argument, however, he did not file proof of service of the award.

On August 7, 1996, the Philipses filed a demand for trial de novo.[5] They neglected to file proof of service of the demand.[6] Creso did not raise their neglect at that time.

On December 4, 1997, the Supreme Court filed its opinion in *Nevers v. Fireside*.[7] It held that the period for demanding trial de novo is not tolled until the party

---

[1]WASH. CONST. art. IV, § 6.

[2]RCW 4.28.020; RCW 4.28.080(14); CR 3(a); CR 4(d)(1).

[3]*See* RCW 7.06.020(1).

[4]MAR 1.3 ("A case filed in the superior court remains under the jurisdiction of the superior court in all stages of the proceeding, including arbitration."); *Roberts v. Johnson*, 137 Wn.2d 84, 92-93, 969 P.2d 446 (1999); *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 812 n.4, 947 P.2d 721 (1997).

[5]*See* MAR 7.1(a). It provides:

(a) Service and Filing. Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended. The request for a trial de novo shall not refer to the amount of the award[.]

[6]We reject the Philipses' argument to the contrary. *See Inman v. Netteland*, 95 Wn. App. 83, 89, 974 P.2d 365 (1999).

[7]133 Wn.2d 804, 947 P.2d 721 (1997).

demanding such trial files proof that he or she has served the demand on the opposing party.[8]

On December 8, 1997, the superior court commenced a jury trial. On December 11, 1997, the jury awarded Creso $4,700 in damages. On April 17, 1998, the trial court entered judgment on the verdict.

On July 10, 1998, Creso moved to set aside the judgment. Relying on CR 60, she argued for the first time that the Philipses' failure to file proof of service of their demand for trial de novo had the effect of requiring a judgment based on the arbitrator's award. In other words, she claimed that the failure to file proof of service had somehow made the three-day jury trial a nullity. The superior court held that Creso was obligated to raise the failure to file proof of service prior to trial, and that she had not done so; thus, it denied her motion.

■ The sole question is whether the failure to file proof of service of a demand for trial de novo must be raised before the trial de novo commences. The answer is yes. A party should not be permitted to gamble on the outcome of a trial,[9] yet that would be the effect if we allow a party to raise, for the first time after trial, the failure to file proof of service as required by *Nevers*. A party could simply "sit on" the opposing party's failure to file proof of service until the jury's verdict, and invoke such failure only if the verdict is less favorable than the arbitration award. Additionally, the failure to file proof of service is at most a minor procedural defect, and a party seeking to rely on it should be required to act before trial or not at all. We conclude that Creso did not timely raise Philipses' failure to file proof of service, and that the trial court did not err by denying her motion to set aside the judgment based on the jury's verdict.

Affirmed.

---

[8]*Nevers*, 133 Wn.2d 804.

[9]*Estate of Lapping v. Group Health Coop.*, 77 Wn. App. 612, 620, 892 P.2d 1116 (1995); *Carabba v. Anacortes Sch. Dist. No. 103*, 72 Wn.2d 939, 953, 435 P.2d 936 (1967).

BRIDGEWATER, C.J., and HOUGHTON, J., concur.

Review granted at 140 Wn.2d 1012 (2000).