[No. 23101-1-III.   Division Three.   June 21, 2005.]

OCHOA AG UNLIMITED, L.L.C., *Respondent*, v. WILLIAM "BILL" DELANOY ET AL., *Petitioners*.

*Jed W. Morris* and *Erika Balazs*, for petitioners.

*John G. Schultz* and *George Fearing* (of *Leavy, Schultz, Davis & Fearing, P.S.*), for respondent.

*Robert M. McKenna, Attorney General*, and *Kristen K. Mitchell, Assistant*, on behalf of the Department of Agriculture, amicus curiae.

¶1 SWEENEY, A.C.J. — The question presented is whether seed potatoes are seeds or planting stock under Washington's statutory scheme. The distinction is important because Washington's agricultural statutes require mandatory arbitration of disputes over seed—but not planting stock—transactions. We agree with the trial judge that seed potatoes are planting stock and, therefore, that the buyer could sue the seller here for damages without first submitting the claim to arbitration.

## FACTS

¶2 William "Bill" Delanoy does business in Washington as Prairieview Seed Potato. Prairieview sold seed potatoes

to Ochoa AG Unlimited, L.L.C. Ochoa claimed the seed potatoes were infested with bacterial ring rot. Ochoa claimed losses. Ochoa sued Prairieview in superior court. It alleged negligence, breach of contract, and breach of express and implied warranties. Prairieview counterclaimed for payment.

¶3 The parties set a discovery schedule and a trial date. Six months into the proceedings, Prairieview asserted the right to nonbinding arbitration pursuant to RCW 15.49-.071(1). This provision of the agricultural and marketing act mandates arbitration as a prerequisite to a buyer's legal action for damages in an agricultural dispute. Prairieview moved for an order of dismissal claiming Ochoa failed to submit its claims to arbitration as a prerequisite for its suit.

¶4 The court denied the motion to dismiss. It ruled that seed potatoes are not seeds for the purpose of chapter 15.49 RCW. They are, rather, planting stock subject to chapter 15.14 RCW, which does not contain a mandatory arbitration provision. Prairieview appealed this interlocutory ruling on the grounds that it effectively denied it a statutory right to arbitration.

¶5 We accepted review.

## DISCUSSION

¶6 The question before us is whether arbitration is a mandatory prerequisite to a suit for damages for defective seed potatoes. And the answer to that question turns on whether seed potatoes are seeds for purposes of RCW 15.49.071(1). The question requires our interpretation of the applicable statutes. And review is therefore de novo. *Holt v. Gambill*, 123 Wn. App. 685, 689, 98 P.3d 1254 (2004).

¶7 The seller, Prairieview, argues that the Department of Agriculture's definition of seeds includes all "propagating materials" and, since seed potatoes are propagating materials, they are included. Prairieview cites RCW

15.49.010(33) as support. It defines seeds as "agricultural or vegetable seeds or other seeds as determined by rules adopted by the department."[1] RCW 15.49.011(33). Prairieview notes that one such rule adopted by the department is that the word seed or seeds as used in chapter 16-301 WAC shall include all propagating materials. WAC 16-301-005. Prairieview contends that this inclusive definition of "seed" is consistent with the commonly accepted understanding of the word. For example, one definition of "seed" is "a propagative portion of a plant." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2055 (1993).

¶8 Ochoa, on the other hand, invokes RCW 15.49.011(2). It regulates the marketing of agricultural seeds. Chapter 15.49 RCW limits the definition of "agricultural seeds" to "grass, forage, cereal, oil, fiber, and other kinds of crop seeds commonly recognized within this state as agricultural seeds, lawn seeds, and combinations of such seeds." RCW 15.49.011(2). From this Ochoa concludes that seed potatoes are not seeds. They are "vegetatively propagated tubers." WAC 16-324-361(18). And as such, they are not commonly recognized throughout this state as agricultural seeds. Ochoa then concludes that seed potatoes, by definition, are excluded from chapter 15.49 RCW.

¶9 Ochoa also argues that the focus of chapter 15.49 RCW is to regulate product packaging. RCW 15.49.005. It is concerned with the genetic purity and germination rates of a commodity that can be the size of a grain of sand. And the packaging for sale involves, then, special considerations. Tubers, including the seed potatoes here, are large and unpackaged. It makes no sense, therefore, Ochoa urges, to include seed potatoes under this scheme. The marketing of plant stocks for vegetative propagation, including potatoes, is regulated by separate chapters of the code, chapters 15.14 and 15.15 RCW.

¶10 The Department of Agriculture regulates planting stock and seeds under separate regulatory schemes. And in

---

[1] The Department of Agriculture. RCW 15.49.010(8).

an amicus brief, the department urges us to preserve the separate regulatory schemes by upholding the trial judge's determination that seed potato tubers are plant stock, not seeds.

STATUTORY NATURE OF SEED POTATOES

¶11 We begin our analysis by noting the primary purpose of the Washington State Seed Act, chapter 15.49 RCW. This is to provide uniformity and consistency in the packaging of seeds. RCW 15.49.005.

¶12 Both sides of this dispute cite dictionary definitions of seed. But these are of no help for two reasons. First, the dictionary definition of "seed" supports both theories. "Seed" means the fertilized and ripened ovule of a seed plant, something that is sown. But it also includes vegetative reproductive structures such as tubers. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2055. Second, and more importantly, where, as here, the legislature or a regulatory agency restricts a definition for a specific regulatory purpose, we use the specific definition for that regulatory purpose. *See, e.g.*, *Weyerhaeuser v. Tacoma-Pierce County Health Dep't*, 123 Wn. App. 59, 65-66, 96 P.3d 460 (2004).

¶13 Washington's agricultural marketing scheme categorizes agricultural commodities for the purposes of regulation. Ch. 15.65 RCW. The scheme distinguishes between "seeds" and "planting stock." RCW 15.65.033.[2] Planting stock is regulated by chapter 15.14 RCW; seed potatoes by chapter 15.15 RCW; seeds by chapter 15.49 RCW. RCW 15.65.033. Chapter 15.14 defines "planting stock" to include any plant material used in the propagation of olericultural[3] plants. RCW 15.14.010(7). Chapter 15.49 RCW, by contrast, defines "seeds" as "seeds." " 'Seeds' mean[s] agricultural or vegetable seeds or other seeds as determined by rules adopted by the department." RCW 15.49.011(33).

---

[2] RCW 15.65.033 lists the chapters applicable to the different agricultural commodities subject to regulation.

[3] Olericulture is the production, processing, storage, and marketing of vegetables. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1572.

¶14 Chapter 15.49 RCW and chapter 16-301 WAC set forth the standards for what we will call true seed production and marketing. They specify label requirements including proportions of seed varieties present, quantification of weeds and inert materials, and germination rates. RCW 15.49.021, .031(4); WAC 16-301-015. These regulations make it unlawful to sell seeds without proper labeling including a recent germination rate, or with false representations of certification. RCW 15.49.051. Both chapter 15.49 RCW and chapter 16-301 WAC include an arbitration provision. RCW 15.49.071; WAC 16-301-015(2). But chapter 15.49 RCW specifically excludes from its terms "seed or grain not intended for sowing purposes." RCW 15.49.061(1)(a).

¶15 Those statutory and administrative schemes which regulate plant stock and seed potatoes are in separate chapters from what we are calling "true" seeds. *See* chapters 15.14 (planting stock) and 15.15 RCW (seed potatoes). The WAC also regulates seed potatoes under an entirely different scheme from that of true seeds. *See* chapter 16-301 and chapter 16-324 WAC. The WAC defines seed potatoes as "vegetatively propagated tubers used for potato production." WAC 16-324-361(18).

¶16 The focus of the plant stock and seed potato regulations also differs from that of true seeds. The goal is to ensure stocks are free from infection by specified plant pests, including bacteria and viruses that infest vegetative plant parts, not seeds. *See* RCW 15.14.010(4); WAC 16-324--361(5).

¶17 Significantly, chapter 15.14 RCW contains different enforcement provisions from those of chapter 15.49 RCW. They include authority for the department to enter a plant stock grower's premises, RCW 15.14.035; withdraw certification, RCW 15.14.095; and obtain injunctions, RCW 15.14.115.

¶18 We conclude that those agricultural commodities produced for vegetative reproduction, such as seed potatoes, are planting stock for regulatory purposes. In this

context, the word "seeds" is used as a term of art. And it does not include planting stock and does not include seed potatoes. It is apparent to us from the regulatory scheme that both the legislature and the agriculture department treat vegetatively reproducing plant stock differently from true seeds.

¶19 Prairieview relies on *Fred J. Moore, Inc. v. Schinmann*, in which we addressed mint root, a variety of vegetative planting stock that also has its own chapter—chapter 16-322 WAC—in the administrative code. *Fred J. Moore, Inc. v. Schinmann*, 40 Wn. App. 705, 711, 700 P.2d 754 (1985). We treated mint root as seed for the purposes of the seed lien act. *Id.* But the language of the seed lien act does not distinguish between true seeds and propagating tubers. Moreover, excluding planting stock from the lien act definition would leave an aggrieved party with no legal remedy. And that is not the case here.

¶20 Only the true seed provisions of chapter 15.49 RCW provide for alternative dispute resolution. RCW 15.49.005. Chapter 15.14 RCW does not. To the contrary, chapter 15.14 RCW expressly provides that its remedies are nonexclusive and do not affect any other remedy. RCW 15.14.900. A superior court action for damages is an "other remedy."

¶21 And, absent a contravening statute or contractual provision, an aggrieved party in a transaction such as this has a constitutional right to seek relief in the courts. CONST. art. I, § 21; *Haywood v. Aranda*, 97 Wn. App. 741, 748, 987 P.2d 121 (1999), *aff'd*, 143 Wn.2d 231, 19 P.3d 406 (2001). Prairieview offers no authority for its contention that one side's preference for arbitration is a sufficient reason for the court to impose it on another.

MOTION TO STRIKE AMICUS BRIEF

¶22 Prairieview asks us to strike portions of the Department of Agriculture's amicus brief, including argument and appendices.

¶23 The purpose of an amicus brief is to help the court with points of law. RAP 10.3(e); *Pleas v. City of Seattle*, 49 Wn. App. 825, 827 n.1, 746 P.2d 823 (1987), *rev'd on other grounds*, 112 Wn.2d 794, 774 P.2d 1158 (1989). Here, the point of law at issue is whether seed potatoes are, or are not, seeds as contemplated by this state's regulatory schemes. The Department has briefed the court on how it—the agency charged with regulating the industry—classifies seed potatoes and how it construes and applies the statutory scheme. This is helpful to us in interpreting the law. Prairieview characterizes this as arguing facts not in the record. The record includes the affidavit of Ochoa's counsel that a credible representative of the Department of Agriculture confirmed that the agency does not regulate seed potatoes as seeds. Clerk's Papers at 13.

¶24 But we routinely ignore material appended to briefs other than convenience copies of excerpts from the appellate record. *State v. Dunaway*, 109 Wn.2d 207, 220-21, 743 P.2d 1237, 749 P.2d 160 (1987); *State v. Bernard*, 78 Wn. App. 764, 768-69, 899 P.2d 21 (1995). And we do so here, and grant the motion to strike the appendices. We deny the motion to strike portions of the argument which address the legal questions before us. The Department's statements of its practices and policies are helpful. We ignore any statements in the brief that are unrelated to issues of concern to the agency. RAP 10.3(e).

## HOLDING

¶25 Seed potatoes are not subject to chapter 15.49 RCW. Read as a whole, the regulatory scheme supports the court's decision to deny the motion to dismiss, and we affirm that decision.

KURTZ and BROWN, JJ., concur.

Review denied at 156 Wn.2d 1021 (2006).