IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LYNNWOOD COUNTRY CLUB APARTMENTS, LLC, | No. 86784-9-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CATHERINE GASSMAN, | |
| Defendant, | |
| and | |
| AUSTIN HSU, | |
| Appellant. | |

HAZELRIGG, C.J. — Austin Hsu appeals from CR 11 sanctions entered against him during the course of his representation of Catherine Gassman in an ejectment action. The court sanctioned Hsu based on comments he made about opposing counsel that the court found to be false, assertions in pleadings that opposing counsel had acted in bad faith in the litigation, and Hsu's refusal to correct the record after his admission that the statements were in fact false. Because the written findings do not address the falsity or baselessness of Hsu's assertions in pleadings, there are no oral findings in this record upon which to rely, and CR 11 sanctions may not be imposed for oral statements of counsel, we reverse and remand for entry of findings.

FACTS

Lynnwood Country Club Apartments LLC (LCCA) brought a complaint to eject Catherine Gassman for unpaid rent and utilities in September 2023.[1] LCCA filed a motion for summary judgment roughly two months later. Austin Hsu, an attorney then-employed by Snohomish County Legal Services (SCLS), filed a notice of appearance, indicating Hsu would represent Gassman. Gassman sought and was granted a continuance following a hearing on December 9 on the basis that Hsu needed more time to prepare.

Hsu filed an answer and affirmative defenses on Gassman's behalf in January 2024. Gassman averred that LCCA had not brought the ejectment action in good faith. Gassman invoked the firm representing LCCA by name and directly asserted as follows:

> Here, the Plaintiff, represented by the law firm, Williams, Kastner, and Gibbs PLLC, who maintains 50+ attorneys, purposely did not follow the [sic] RCW 59.18.365 in their filed Summons filed on September 12, 2023 (see Filed Summons filed on September 12, 2023) to make it harder for this low-income Defendant to seek help and respond to the Summons.

Gassman, through Hsu, then went a step further and alleged that LCCA's counsel of record, Evan Loeffler, had "knowingly, purposefully, and intentionally provided different Summons form" which excluded information required by statute and intended to help Gassman obtain legal assistance. The answer, signed and apparently drafted by Hsu, presented more than a page of argument that emphasized the conduct of the firm and attorney representing LCCA, including

---

[1] Facts solely related to the underlying ejectment are not at issue and therefore not set out herein.

reference to documents from other matters in the trial court where Loeffler was attorney of record which Hsu attached as exhibits.

The trial court held a hearing on LCCA's motion for summary judgment on January 17. The clerk's minute entry for the hearing indicates that trial judge characterized the accusations in Hsu's answer regarding Loeffler's bad faith "baseless and regrettable."[2] After the hearing, LCCA filed a motion for $15,368.25 in attorney fees and costs as the prevailing party in the summary judgment action. LCCA also took issue with statements Hsu had made at the hearing on December 9 and claimed that Hsu had stated on the record both that the ejectment was brought in bad faith and "there were 'numerous bar complaints' pending against [Loeffler] for bringing similar actions." On that basis, LCCA also requested CR 11 sanctions in the amount of $15,368.26 against SCLS based on Hsu's conduct.[3] Loeffler filed a declaration in support of the motion for fees and costs, which included an e-mail exchange between Loeffler and Hsu in which Loeffler confronted Hsu about the oral statements made at the hearing on the continuance and Hsu retreated from his original claim before the trial court and asserted that he would correct those statements. On January 5, 2023, Hsu expressly stated the following to Loeffler by e-mail:

> I just spoke to the partner agency attorney(s) who were contemplating doing a BAR Complaint against you. They told me they have not filed anything as of yet, *so I will correct the record*

---

[2] There is no report of proceedings for this hearing, as is the standard practice in this particular county. However, the minute entry from the hearing in question was transmitted to this court as part of the record on appeal. We are aware, however, that a minute entry does not necessarily capture a verbatim record of the statements of any party and do not treat this document as a transcript.

[3] This amount is one cent more than that sought in LCCA's substantive request for attorney fees and costs. The total amount requested in this motion, for fees, costs, and sanctions, was $30,736.51.

stating a complaint has not been filed yet, but may still be in the works, which I stated at the last hearing.

(Emphasis added.)

Gassman, at this point represented by another attorney, and SCLS sought to distance themselves from Hsu's conduct and responded to the motion for fees with a request that, if fees or sanctions were awarded, they should be awarded against Hsu personally because he had acted in violation of SCLS policy and without a known basis for his assertions. Gassman's response also stated that Hsu was no longer employed by SCLS as of February 15, 2024. Hsu filed a response on his own behalf and argued that CR 11 sanctions were improper because Hsu's allegations regarding complaints to the Washington State Bar Association (WSBA) were made orally. Both Gassman and Hsu also challenged the substantive fee request and asserted that LCCA was not entitled to fees under the unlawful detainer statute because it had proceeded with an ejectment action. The court granted the motion for both fees and costs and CR 11 sanctions on March 7, and expressly indicated with handwritten notation that the $15,368.30 awarded for fees and costs was to be paid by both Gassman and Hsu, with each responsible for half of the total amount. It further sanctioned Hsu and SCLS "jointly and severally" in the amount of $1,000 for Hsu's conduct, again in a handwritten addition by the judge.

Hsu moved for reconsideration and a new hearing on March 15, but he failed to properly note the motion under the local court rules. Gassman and LCCA both filed responses to Hsu's motion for reconsideration, primarily emphasizing the procedural deficiencies. The trial court denied Hsu's motion for reconsideration

and accepted a compromise reached between Gassman, through SCLS, and LCCA regarding the apportionment of attorney fees and sanctions.[4]

Hsu appealed.

ANALYSIS

I.      Timeliness

Before we can consider the merits of Hsu's appeal, we must address LCCA's challenge to its timeliness. LCCA's brief argues that Hsu's motion for reconsideration was improperly noted and therefore untimely, rendering the notice of appeal untimely as well. Again, both LCCA's and SCLS' respective responses to Hsu's motion for reconsideration emphasized the procedural defects that each argued should result in rejection due to untimeliness. Hsu's reply brief defends the timeliness of both his motion for reconsideration and notice of appeal.

LCCA's primary contention regarding Hsu's motion is that his failure to comply with local court rules necessarily meant that it was untimely. It concedes that the challenged order was entered on March 7 and Hsu's motion was filed on March 15, which complies with the 10-day requirement of CR 59(b). However, LCCA emphasizes that the motion was not properly noted for a hearing until March 21, placing it outside the 10-day window prescribed by the rule. Hsu counters that courts are free to disregard local court rules at their discretion and LCCA has not

---

[4] In its response to the motion for reconsideration, SCLS memorialized its verbal agreement with LCCA that SCLS should be jointly and severally liable with Hsu for a $1,000 sanction based on his conduct, but that any sanction beyond that amount should be apportioned to Hsu personally for the reasons set out in Gassman's response to LCCA's fee request.

Separately, it is noteworthy that the judge who characterized Hsu's statements about Loeffler as "baseless and regrettable" at the hearing granting continuance of the ejectment action was a different judicial officer than the one who ruled on LCCA's motion for sanctions.

established any prejudice that resulted from the alleged violation of the local rules. LCCA contends that if the motion for reconsideration was not timely, then the time to file the notice of appeal was 30 days after entry of the order it challenges; here, that deadline would be April 6, 2024. *See* RAP 5.2 (appellant must file notice of appeal either "(1) 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed, or (2) the time provided in section (e)"). Such a determination would result in a related conclusion that Hsu's May 16, 2024 notice of appeal was therefore untimely under the RAPs and, LCCA avers, should be dismissed on that basis.

We review the "[a]pplication of court rules to a particular set of facts" de novo. *Singleton v. Naegeli Rep. Corp.*, 142 Wn. App. 598, 603, 175 P.3d 594 (2008). The Snohomish County Superior Court Local Civil Rule (SCLCR) governing motions for reconsideration requires that a "Motion for Reconsideration must be heard by the Judge or Commissioner who initially ruled on the motion." SCLCR 59(e)(3). It further establishes that

> Motions for Reconsideration may be noted for hearing on any court day on the 8:30am personal calendar of the appropriate Judge or Commissioner, using the Note for Calendar—Motions for Reconsideration on the court's website. Motions for Reconsideration will be decided on the written motion, briefs, and affidavits or declarations only, unless the Court requests oral argument. Confirmation is not required. Unless the hearing is stricken by the moving party, the motion will be considered and decided.

SCLCR 59(e)(3)(A). LCCA asserted in briefing that the local rule had a mandatory noting requirement, but the language of the rule, which uses the word "may," indicates that noting the motion for hearing is permissive, not mandatory. CR 59, which authorizes reconsideration, has the following similar provisions:

> A motion for a new trial or for reconsideration shall be filed not later than 10 days after the entry of the judgment, order, or other decision. The motion shall be noted at the time it is filed, to be heard or otherwise considered within 30 days after the entry of the judgment, order, or other decision, unless the court directs otherwise.
> A motion for a new trial or for reconsideration shall identify the specific reasons in fact and law as to each ground on which the motion is based.

CR 59(b). But, "[a] party's failure to note a motion for reconsideration for hearing on the day of filing does not render the motion untimely." *In re Marriage of Smith*, 158 Wn. App. 248, 255, 241 P.3d 449 (2010). This is consistent with our principle that "procedural rules should be interpreted to eliminate procedural traps and to allow cases to be decided on their merits." *Haywood v. Aranda*, 143 Wn.2d 231, 238, 19 P.3d 406 (2001).

LCCA avers in briefing on appeal that *Schaefco, Inc. v. Columbia River Gorge Commission*, 121 Wn.2d 366, 849 P.2d 1225 (1993) is "eerily similar" to the current case. Schaefco filed its motion for reconsideration within the 10-day window, but did not serve the opposing party with the motion until four days later, beyond the timeline established by the rule. *Id.* at 367. Our Supreme Court held that Schaefco's procedural failure required dismissal. *Id.* at 368. LCCA would have us apply analysis grounded in issues with service to failure to note a motion for hearing. But, there is a crucial difference between those two procedural postures. Strict application of service requirements is appropriate because adequate service has due process implications; service is intended to "'apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Carson v. Northstar Dev. Co.*, 62 Wn. App. 310, 317, 814 P.2d 217 (1991) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339

U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In contrast, noting a motion "primarily serves to prompt the court to hear or consider the motion." *Buckner, Inc. v. Berkey Irrig. Supply*, 89 Wn. App. 906, 915, 951 P.2d 338 (1998). In *Buckner*, the motion for reconsideration was timely filed, but was not noted. *Id.* at 910. But on review, we declined to apply *Schaefco*, instead holding

> that a timely served and filed motion for reconsideration satisfies the requirements of RAP 5.2(e) and extends the time limit for filing the notice of appeal. The failure to note the motion at the time it is served and filed does not affect the extension of time for appeal under RAP 5.2(e).

*Id.* at 916. On that basis, we determined that Buckner's appeal was timely and reached the merits. *Id.* We similarly conclude here that Hsu's failure to note the motion did not make it untimely. Because Hsu filed his notice of appeal on May 16, 2024, within 30 days of the trial court's denial of his motion for reconsideration on April 16, 2024, it is timely and we proceed to the merits.

II.     CR 11 Sanctions

Hsu challenges the court's order on sanctions on two bases, that the court failed to make adequate factual findings that "Hsu's arguments were devoid of any legal or factual support" as required by case law and CR 11 does not apply to oral statements. In response, LCCA emphasizes the trial court's broad discretion to impose sanctions and avers that sanctions were within that discretion because of Hsu's improper conduct during the litigation. It points to Hsu's claims that Loeffler had pending bar complaints and that LCCA, through Loeffler's pleadings, brought the ejectment action in bad faith.

"We review a trial court's issuance of CR 11 sanctions for abuse of discretion." *Ngoc Van Hoang Nguyen v. Quality Loan Serv. Corp.,* 33 Wn. App. 2d 602, 605, 562 P.3d 384 (2025). The trial court has abused its discretion where its conclusion was "'manifestly unreasonable or based on untenable grounds or reasons.'" *Gordon v. Robinhood Fin., LLC*, 31 Wn. App. 2d 185, 207, 547 P.3d 945 (2024) (quoting *Watness v. City of Seattle,* 11 Wn. App. 2d 722, 736, 457 P.3d 1177 (2019)). We may affirm sanctions on any grounds present in the evidence. *Id.* CR 11 is intended to curb "baseless filings" and "abuses of the judicial system." *Bryant v. Joseph Tree, Inc.,* 119 Wn.2d 210, 219, 829 P.2d 1099 (1992) (emphasis omitted). CR 11(a) reads in part as follows:

> The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is well grounded in fact;
> (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. . . . If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

A filing is baseless if it is not grounded in fact, or unwarranted by existing law or a good faith argument for a modification of the law. *Stiles v. Kearney*, 168 Wn. App.

250, 261, 277 P.3d 9 (2012). A trial court can impose CR 11 sanctions for a baseless filing only if "'it also finds that the attorney who signed and filed the [pleading, motion or legal memorandum] failed to conduct a *reasonable inquiry* into the factual and legal basis of the claim.'" *Id*. (alteration in original) (quoting *Bryant*, 119 Wn.2d at 220).

The trial court's order on sanctions, which bears the footer for the firm representing LCCA,[5] decreed that Hsu and SCLS were "jointly and severally sanctioned" for Hsu's litigation conduct. The judge entered the following findings:

1. [LCCA] is awarded judgment against Catherine Gassman and Austin Hsu her attorney for its court costs incurred and reasonable attorney fees, in the total amount of $15,368.30. Ms. Gassman responsible for $7,684.30 & Mr. Hsu responsible for $7,684.30.
2. Attorney Austin L. Hsu and Snohomish County Legal Services are jointly and severally sanctioned in the amount of $1,000.00 for falsely stating that plaintiff's counsel acted in bad faith in bringing Plaintiff's underlying action, for falsely stating there were numerous bar complaints pending against plaintiff's counsel, and for refusing to correct the record after acknowledging the falsity of these statements.
3. This award supplements the award of $23,020.00 entered on 2/9/24.

Hsu's opening brief expressly asserts that "the trial court found Hsu violated CR 11 without making explicit factual findings about how his pleading violated the [r]ule." He is correct.

While the findings need not be overly detailed or exhaustive, they must be sufficient for proper appellate review. *See Biggs v. Vail*, 124 Wn.2d 193, 202, 876 P.2d 448 (1994) (remanding for determination of which pleadings violated CR 11,

___

[5] As such, we presume it was prepared by plaintiff's counsel and the handwritten additions were made by the judge at the time the matter was considered by the court.

among other purposes). Here, the pleading that serves as the basis for the sanctions is not identified in the court's findings and the reference to Hsu's oral statements is superfluous as neither the trial court nor the parties identify any authority that allows for the imposition of CR 11 sanctions based on oral statements. Further, both Gassman and Hsu argued in briefing opposing LCCA's fee and sanction request that there was no statutory basis for a fee award based on the nature of the action it pursued. Nonetheless, the trial court awarded the amount of fees and costs LCCA sought and apportioned them equally to Gassman and Hsu without a finding as to the authority under which the fees were awarded. The award of fees against Hsu personally, as opposed to SCLS, is at least suggestive that the fees and costs were awarded as a sanction.

On appeal, Hsu seeks reversal of the trial court's order, or in the alternative, remand for entry of findings. The court's order is insufficient for proper appellate review. While the trial court judge did not accept the order apparently drafted by counsel for LCCA and did annotate it with additional directives, the order fails to make any ruling on the substantive fee and cost request. If it was the trial court's intent that the award was granted as sanctions for Hsu's violation of CR 11, the order does not make that clear, or provide the proper findings regarding the offending pleading, the falsity of the statement therein, or any failure to conduct proper inquiry into the falsity of the identified statement. Accordingly, we reverse and remand for the trial court enter the necessary findings consistent with case law.

III. Attorney Fees on Appeal

LCCA seeks attorney fees on appeal pursuant to RAP 18.9(a) on the basis that Hsu's appeal was frivolous. We have the discretion under RAP 18.9(a) to impose sanctions on parties who present frivolous appeals. An appeal is frivolous if it "is so devoid of merit that there is no possibility of reversal." *Advoc. for Responsible Dev. v. W. Wash. Growth Mgmt. Bd.,* 170 Wn.2d 577, 580, 245 P.3d 764 (2010). Because Hsu prevails here, his appeal was not frivolous and we decline to award fees.

Reversed and remanded for entry of findings.

WE CONCUR: